# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON STATE

MYRIAM ZAYAS
                        PLAINTIFF,

                                    case    2:21-cv-00581  RSM

            vs.                             42 U.S. Code § 1983- 42 U.S. Code § 1985
                                            Conspiracy against rights- First
                                            Amendment Right to Familial Association-
                                            Fourteenth Amendment Equal Protection
ERIN BOYETT,                                Clause- Interference with Parent Child
                                            Relationship- Intentional Infliction of
                                            Emotional Distress- Withholding
                                            Exculpatory Evidence

                        DEFENDANTS,

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 1

## I.   JURISDICTION AND VENUE

1.  This Court has jurisdiction over federal civil rights claims, under 28 U.S.C. § 1343, 42 U.S. Code § 1983. This Court has supplemental jurisdiction over state-law claims arising from the same factual circumstances, events, and transactions, under 28 U.S.C. § 1367(a).. This court has jurisdiction under 28 U.S.C. §1331,§ 1349, and § 1332.

2.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Defendant's Kent School district principal place of business is in King County Washington. The remaining Defendant is a resident of this state.

3.  The Plaintiff has filed a tort with the states attorney general.

4.  This action is an actual controversy in which the Plaintiff MYRIAM ZAYAS seeks a declaration of her rights under the constitution of the United States. Under 28 U.S.C. § § 2201-2202 this court may declare Myriam Zayas's rights and grant further necessary and proper relief based thereon.

5.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38-1 of the Local Rules for the Western District of Washington, Plaintiff demands trial by jury for all the issues pleaded herein so triable.

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 2

## II. PARTIES

6. Myriam Zayas an individual (hereinafter "Plaintiff" "mother") is a resident of the State of Washington and the County of King. She is the mother of 3 adults 21,19,18, one adopted 1 year old, and a 6-year-old currently in foster care, the Plaintiff is also due to give birth in October 2021.

7. Defendant Erin Boyett  (hereinafter "teacher" "state official" "Mrs. Boyett"), at all times relevant hereto was the Plaintiffs child's kindergarten teacher employed by the Kent School District at Pine Tree Elementary School. Upon further information and belief, she resides in King County Washington.  She is sued for damages in her individual capacity within the meaning of 42 U.S.C. Section 1983, and at all times relevant hereto acted under color of state law.

8. Defendants referred to but not named as Defendants in this complaint alleged by the Plaintiff in other complaints, state and court officials, "CPS" "social worker" "state official" "court official".

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 3

## III.   INTRODUCTION

Whether they knew of the intended purpose or did not know, their participation in these intentional acts make them just as guilty. It is not required that the Defendant know the ultimate plot, when proving a conspiracy claim.[1]

Mrs. Boyett lied; she was asked to lie by the court officials from case 20-cv-00747 JCC Zayas vs. Messitt. Mrs. Boyett only gets one shield of immunity; under that one shield she can not tell 2 statements that are contradicting. Her actions are considered perjury. She did not provide documented proof of the statements she made during trail, such as attendance records and discipline records.  Her boss (principal of Pine Tree Elementary) already told CPS in March 2020 that the Plaintiffs child has no discipline records. EXHIBIT 031720-1. The Kent School District has done nothing to remedy the situation, the Plaintiff filed a complaint with the school regarding Mrs. Boyett committing perjury. They are likely resting on her immunity granted to her through the state of Washington when testifying for child abuse cases. This immunity does not cover intentional acts of deceit and trickery, and does not allow the Defendant to violate clearly established law. By relying on this immunity, they are abusing their authority granted to them by state and are said to be acting under the color of state law.  EXHIBIT 010821 PAGE 24

As a direct and proximate result of the actions described herein the Plaintiff and her minor child have suffered, and continue to suffer.

---

[1] 42 U.S. Code § 1985.Conspiracy to interfere with civil rights.
DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 4

# IV.   FACTS

*NOW COMES the Plaintiff,  MYRIAM ZAYAS by and through herself and for her  complaint under Section 1983, the Defendant and those they acquiesced, instructed, directed, accepted direction from, retaliated with, plotted, and conspired with in committing the unauthorized, unconstitutional, and unlawful acts and omissions described in this complaint, Plaintiff alleges the following facts:*

9.  The Plaintiffs 5-year-old child who is now 7 was removed from the Plaintiffs care for a dirty UA March 16th, 2020 in the removal process 15 state officials committed the crime of forgery, no oath or affirmation was given either, and they violated emergency order #6, the Plaintiff caught them. The state officials then committed perjury during trial, three of them did the social worker, kindergarten teacher, and CASA. In October 2020, the judge based her decision to keep the Plaintiffs child on the teacher's perjury.

10. Mrs. Boyett the Plaintiffs child's kindergarten teacher committed perjury during the Plaintiffs dependency trial. She also withheld exculpatory evidence from the court. This is a violation of the Plaintiffs fourteenth amendment rights to be treated equally under the law.

11. Mrs. Boyett stated under oath on September 28th, 2020, that the Plaintiffs child missed "many" days of school, also showed up late often, she had behavioral issues, and her mother the Plaintiff received food from the school.

12. In Mrs. Boyett's initial interview on February 11th, 2020, with the social worker she did not state any concerns regarding her childs attendance or being tardy for class. EXHIBIT 112320 PAGE 22

13. Many by definition means: consisting of or amounting to a large but indefinite number. The Plaintiff has her childs attendance records, CPS also has these records according to their own words the CHET screener asked for these items on March 17th, 2020  at 8:36am

that day. An administrative assistant at Pine Tree Elementary school  sent them to CPS. EXHIBIT 013720-0 PAGE 20-22

14. The Plaintiff did ask for food. Mrs. Boyett did send food home every weekend in her childs backpack. So. Her daughter did steal vegetables, not to eat them herself, she was stealing them for her pet guinea pigs at home.

15. The Principal at Pine Tree reported when the Plaintiffs child was picked up that her child had no discipline records on file. EXHIBIT 031720-1  PAGE 19

16. The Plaintiffs trial was public so the public has heard the link below. The Plaintiff also has the official trial record which she has sent the entire trial to the Kent School District with her complaint about Mrs. Boyett. The following link leads to Mrs. Boyett's perjury during trial:  EXHIBIT 092820

https://1drv.ms/v/s!AmhsgRs52qWXqSjn96o86vbH8hHr?e=bh1mkR

17. Prior to the trial Mrs. Boyett had already provided the social workers an interview and she did not state any concerns at all regarding the Plaintiffs child in March 2020. ***A grant of immunity does not protect a person from a perjury charge if he or she testifies falsely.*** [2]  The immunity grant means that immunized testimony cannot be used to prove that a previous sworn statement was false.[3] Thus, if two sworn statements are irreconcilable and one was made after an immunity grant, the Plaintiff must prove that the one given under the immunity grant was the false one. The Plaintiff may prove immunized testimony is false by using other immunized testimony from the same grant of immunity "so long as that testimony conforms to otherwise applicable rules of evidence."[4]

---

[2] United States v. Apfelbaum, 445 U.S. 115, 126 (1980); United States v. Wong, 431 U.S. 174, 178 (1977).
[3] Kastigar v. United States, 406 U.S. 441 (1972). 18 U.S.C. § 6002.
[4] Apfelbaum, 445 U.S. at 131
DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 6

18. On March 12th, 2020 Mrs. Boyett allowed a CPS social worker to interview(interrogate) the Plaintiffs 5-year-old child without warrant, probable cause, or anything and during the pandemic under emergency order 6. Mrs. Boyett's actions would account for repeated injury to the Plaintiff and her children, Mrs. Boyett allowed access to her child without question and then furthered her evil intent by lying deliberately under oath during trial to keep the Plaintiffs child in foster care:

> In October 2009, the Tacoma School district allowed two social workers to enter Christenson elementary school in Tacoma where the Plaintiffs children ages 6 and 8 attended school, these social workers had no documentation, no oath or affirmation was given, no warrant signed by a judge, nothing, and the school allowed them to interview the Plaintiffs children followed by physically attacking and fighting her children, covering her children's mouths with their hands in order to drag them out of their school. Their reason for removal was because the Plaintiffs son was bitten by a dog one month prior. These events are further explained in 20-cv-00981 JLR-TLF. Upon further information and belief no warrant exists for this removal.

19. When a state official intentionally uses RCW to violate the Plaintiffs rights, this is a violation of the Plaintiffs rights to due process, and her rights to equal protection under the law, fourteenth amendment. By intentionally telling a lie and then hiding behind RCW, this makes Mrs. Boyett lose immunity.

20. Mrs. Boyett committed these unlawful acts with evil intent. Mrs. Boyett was deliberately indifferent to the rights of the Plaintiff and her child. Mrs. Boyett being a reasonable state official, reasonably should have known that committing perjury to keep the Plaintiffs child away from her violates her first and fourteenth amendment rights to familial association, and causes great emotional distress to the Plaintiff and her child. Hardwick vs Vreeken, the Ninth Circuit court of appeals stated that there does not have to be a case on all fours when clearly established law is violated, perjury is clearly established law of which a

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 7

reasonable state official should have known.[5]  Mrs. Boyett cannot commit perjury when the result will be the Plaintiff losing her parental rights during a court proceeding.

21. Mrs. Boyett also was made aware of the state officials crimes of forgery and the multiple lawsuits filed by the Plaintiff.  Mrs. Boyett still agreed to assist the court officials in their retaliation, her actions violated an intimate association the Plaintiff has with her child.

22. The Plaintiffs child is still in a foster home. Not because of child abuse but because of felony forgery committed by a superior court judge. The Defendant supported this crime by furthering the conspiracy against the Plaintiff. Because the Plaintiff has sued the judge and this is their retaliation. The Defendant is knowingly supporting their actions of retaliation.

---

[5] https://www.govinfo.gov/content/pkg/USCOURTS-ca9-15-55563/pdf/USCOURTS-ca9-15-55563-0.pdf
DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 8

# V.   FIRST CLAIM FOR RELIEF- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – 42 U.S.C. § 1983

23. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–23 of this Complaint and incorporate them by reference.

24. The Defendant performs the public functions of teaching kindergarten in public school in the state of Washington. The Defendant performs these public functions using federal, state, and county funds, also from federal grants.

25. The Plaintiff and her child have suffered from emotional distress and will continue to in the foreseeable future. This suffering was a direct and proximate result of the Defendants actions in concert with the state officials, the continued and ongoing conspiracy to deprive the Plaintiff and her child of their federally protected rights. The Defendant has committed crimes in conjunction with, and assisted the state officials in violating the Plaintiffs first, and fourteenth amendment rights, her right to due process and equal protection under the law.

# VI. SECOND CLAIM FOR RELIEF-
## FIRST AMENDMENT RIGHT TO FAMILIAL ASSOCIATION[6]
## 42 U.S.C. § 1983

26. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–26 of this Complaint and incorporate them by reference.

27. The Defendant performs the public functions of teaching kindergarten in public school in the state of Washington. The Defendant performs these public functions using federal, state, and county funds, also from federal grants.

28. Where government action substantially interferes with fundamental rights, such as the right to family relationships, it is subject to strict scrutiny, which means that the government must have a compelling reason for its action and its means to achieve its goal must be as narrowly tailored as possible.[7]

29. The Plaintiff has a cause of action for violation of her constitutional federally protected rights to intimate association and against retaliation from state actors under the Civil Rights Act of 1871 is a federal statute, numbered 42 U.S.C. § 1983. The Plaintiff was restrained in her liberty and property by the Defendant.

---

[6] Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

[7] Behm v. LUZERNE CTY CHILDREN & YOUTH POLICY MAKERS, 172 F. Supp. 2d 575 - Dist. Court, MD Pennsylvania 2001

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 10

## VII.   THIRD CLAIM FOR RELIEF
## FOURTEENTH AMENDMENT EQUAL PROTECTION -WITHHOLDING
## EXCULPATORY EVIDENCE– 42 U.S.C. § 1983[8]

30. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–30 of this Complaint and incorporate them by reference.

31. The Defendant performs the public functions of teaching kindergarten in public school in the state of Washington. The Defendant performs these public functions using federal, state, and county funds, also from federal grants.

32. Mrs. Boyett committed a misuse of power possessed by state law, and only made possible because the wrongdoer was clothed i

33. The Defendant Mrs. Boyett's actions in assisting the court officials included withholding exculpatory evidence such as the Plaintiffs childs actual attendance records during the trial, violate the fourteenth amendment rights of the Plaintiff and her child.

34. The familial right of association is based on the "concept of liberty in the Fourteenth Amendment."[9] The Fourteenth Amendment protects United States citizens against violation of fundamental rights by state actors. Fundamental rights are liberty interests deeply rooted in the nation's history and tradition, and implicit in the concept of ordered liberty and the rule of law.

35. The Plaintiff has a cause of action for violation of her constitutional federally protected rights to equal protection, and familial association, under the Civil Rights Act of 1871 is a federal statute, numbered 42 U.S.C. § 1983.

─────────────────

[8] No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
[9] see Kraft v. Jacka, 872 F.
DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 11

## VIII.    FOURTH CLAIM FOR RELIEF
## 18 U.S. CODE § 241[10] - CONSPIRACY AGAINST RIGHTS[11]

36. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–36 of this
Complaint and incorporate them by reference.

37. The Defendant performs the public functions of teaching kindergarten in public school in
the state of Washington. The Defendant performs these public functions using federal,
state, and county funds, also from federal grants.

38. An agreement was made, between Mrs. Boyett and the court officials, there was a jointly
accepted plan, the Defendant and the court officials knew each other, the conspirator knew
the plan's essential nature and general scope. The Defendant knew the exact details of the
plan or the identity of all the participants in it. Mrs. Boyett may become a member of a
conspiracy without full knowledge of all the details of the conspiracy.

39. The Defendants worked with Child Protective Services together they conspired to injure,
oppress, threaten, and intimidate the Plaintiff and her minor child in Washington State, in
the free exercise and enjoyment of the Plaintiffs parental rights and privileges secured to
her by the Constitution and laws of the United States, and because of the Plaintiff having
so exercised the same; the Defendants employees and representatives went in disguise on

---

[10] Section 241 of Title 18 is the civil rights conspiracy statute. Section 241 makes it unlawful for
two or more persons to agree together to injure, threaten, or intimidate a person in any state, territory or district in
the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the
Unites States, (or because of his/her having exercised the same). Unlike most conspiracy statutes, Section 241 does
not require that one of the conspirators commit an overt act prior to the conspiracy becoming a crime.
[11] This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any
person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her
by the Constitution or the laws of the United States.

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 12

the highway, and on the premises of the Plaintiff, with the intent to prevent and hinder her

free exercise or enjoyment of her and her child's rights or privileges so secured.

40. The Defendants involved  came to a mutual understanding to do the act that violated the

Plaintiffs civil rights. This agreement can be either express or implied. The Plaintiff can

prove the agreement by presenting evidence of circumstances from which the agreement

can be inferred. The Plaintiff can infer from the sequence of events, that it is more likely

than not that the Defendant together with the state officials, agreed to do an act that

deprived Plaintiff of her first, fourth, and fourteenth amendment rights.

41. The Plaintiff has a cause of action under title (18) XXXII, §§ 320103(b) 320201(b), title XXXIII,

§ 330016(1)(H), deprivation of rights under the color of law,  for violation of her

constitutional federally protected rights lacking probable cause included in the Civil Rights

Act of 1871 is a federal statute, numbered 42 U.S.C. § 1983.

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 13

# IX.   INJURIES

42.   The Defendants actions account for repeat constitutional civil rights violations and injuries similar to incidents which occurred in 2009.  As a direct and proximate result of the Defendant's civil rights violations, and law breaking, including her rights to familial association, intimate association, the first, fourth, fourteenth amendments of the US constitution, made by the Defendant at all times relevant to this complaint towards the Plaintiff and her child, she was injured emotionally, mentally, financially, & permanently, these injuries are described below:

43.  The Plaintiff has endured and will continue to endure these injuries, which have caused and will continue to cause past, present, and ongoing costs, taking up time in her life, an inconvenience to the Plaintiff and her child.

44.  The Defendant at all times relevant to this complaint, acted in support of the retaliation towards the Plaintiff and the Plaintiff made the Defendant aware of these acts being discriminatory and unlawful. The Defendant and her employer ignored the Plaintiff. These injuries the Plaintiff has suffered have also caused damage to the Plaintiff mentally resulting in confusion, loss of parent child relationship, anger, pain, fear, depression, rejection, mental anguish, severe emotional distress, suicidal ideation, fright, anxiety, sadness, severe trauma,  mental health costs, mental health diagnosis, medication management, paranoia, heart problems, high blood pressure, guilt, shame.

45.  The Defendants assisted court officials who have committed forgery, suborned perjury, ignored, belittled, blamed, hated, accused, disrespected, put down, criticized, made fun of, exposed, criminalized, the Plaintiff at all times relevant to this complaint.  The Plaintiff will have to take extra precautions when placing her children in public school and may have to home school her children, pay a midwife to give birth at home. These costs have

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 14

already been incurring and the Plaintiff, MYRIAM ZAYAS must continue therapy for stress induced by these events which were a choice made by the Defendant, that went above the bounds of her lawful authority, the Defendant acted with deliberate indifference and malice.

46.  The Plaintiff suffered and continues to suffer from physical pain, mental health issues related to depression, post-traumatic stress disorder, hair loss, weight loss, vision loss, community trust lost, lost birthdays, holidays, broken family bonds with relatives. The Plaintiff is due to incur past, present, and ongoing legal costs and attorneys' fees.

47.  The Defendant's actions have abridged the Plaintiffs 18 years she has to raise her children without being interrupted for reasons that do not include child abuse. The Plaintiff needs to made whole again. A result of one or more of these acts and omissions by the Defendant and the court officials they instructed the Defendant to conspire with, trained, and directed to act on their behalf, Plaintiff, MYRIAM ZAYAS has been injured, economically and she has endured a financial loss, she will continue to lose wages, future, and past job opportunities, lost education opportunities.

48.  The Plaintiff has very young children so the likelihood that  these state officials will return is extremely high social workers have been at her door since 2009 for reasons that never included her children being hurt. The Defendants support these social workers efforts and therefore put the Plaintiff at risk for future irreparable damage.

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 15

# X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff MYRIAM ZAYAS requests' judgement in her favor:

49. Issue a declaratory judgment that the actions of the Defendant described herein violated the Plaintiffs fourteenth amendment right to equal protection, interference of parent child relationship, first amendment right to familial association.

50. Awarding the Plaintiff actual damages in the amount to be proven at trial.

51. Awarding the Plaintiff special damages in the amount to be proven at trial.

52. Awarding the Plaintiff compensatory damages in the amount to be proven at trial.

53. Awarding the Plaintiff statutory damages in the amount to be proven at trial.

54. Awarding the Plaintiff nominal damages in the amount to be proven at trial.

55. Awarding the Plaintiff punitive damages in the amount  to be proven at trial.

56. Awarding the Plaintiff contemptuous damages in the amount to be proven at trial.

57. Awarding the Plaintiff incidental damages in the amount to be proven at trial.

58. Awarding the Plaintiff treble damages in the amount to be proven at trial.

59. Awarding the Plaintiff liquidated damages in the amount to be proven at trial.

60. Awarding the Plaintiff general damages in the amount to be proven at trial.

61. Awarding the Plaintiff temperate damages in the amount to be proven at trial.

62. Awarding the Plaintiff moral damages in the amount to be proven at trial.

63. Awarding the Plaintiff disgorgement damages in the amount to be proven at trial.

64. Awarding the Plaintiff exemplary damages in the amount to be proven at trial.

65. Grant all other relief as the Court may deem just and proper.

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 16

## CERTIFICATION AND CLOSING

*Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best. of my knowledge, information, and belief that this complaint: (1) is not being. presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further. investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.*

Respectfully submitted,

Dated:

04.29.2021

Name:

Title:   Pro Se Plaintiff

Myriam Zayas
+13606021444

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 17

## CERTIFICATE OF SERVICE

I, MYRIAM ZAYAS, do hereby certify that I have this day mailed, U.S. Mail Certified, postage prepaid, a true and correct copy of the above and foregoing to at the following address also send an email to the email listed:

THIS the 29th day of April 2021.

Sign: _____

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW- 18

**PLAINTIFF'S EXHIBIT**

031720-1

| Case Name: ZAYAS, MYRIAM | Case ID: 481288 | Case Note ID: 47241353 | Note Finalized ☒ |
|---|---|---|---|
| **Case Note Category:** CHET | | **Case Note Type:** Contact | |
| **Date Occurred:** 03/17/2020 | | **Time Occurred:** 12:00 PM | |
| **Date Entered:** 03/17/2020 02:53 PM | | **Note Entered by:** ███████████ M. | |
| **Related Participants and Collaterals:** ███████ | | **Related Intakes:** 02/18/2020  6:26 AM 4319255 02/09/2020 10:41 AM 4319498 | |

### ACTIVITIES

Activity: Contact **-** Education        Participant: ██████████        Location: School
        Time: 12:00 PM        TCM: No

### CONTACTS

### NARRATIVE

Case Note 1 of 1        Entered By : ██████████        Date Entered :  03/17/2020
        Time Entered :  02:53 PM

CHET screener met with Dr. ██████ Principal at Pine Tree Elementary, to pick-up educational records for ████ CHET screener went to the school as the fax was not working. Dr. ████ stated ████ did not have any discipline records on file. ████ also does not have a 504 plan or an IEP on file.

| Case Name: ZAYAS, MYRIAM | Case ID: 481288 | Case Note ID: 47246058 | Note Finalized ☒ |
|---|---|---|---|
| **Case Note Category:** CPS | | **Case Note Type:** Investigation | |
| **Date Occurred:** 03/17/2020 | | **Time Occurred:** 02:00 PM | |
| **Date Entered:** 03/18/2020 12:59 PM | | **Note Entered by:** ██████████ | |
| **Related Participants and Collaterals:** ███████ | | **Related Intakes:** 02/09/2020 10:41 AM 4319498 | |

Zayas, Myriam
202004-PRR-845
DCYF-000663

Case Note 1 of 1      Entered By : ███████ ██ ██████      Date Entered : 03/17/2020
         Time Entered : 08:54 AM
From: Special Ed Records <SpecialEdRecords@kent.k12.wa.us>
Sent: Tuesday, March 17, 2020 3:01 PM
To: ██████ █████ (DCYF) ████████@dcyf.wa.gov>
Subject: No Records for ACZ

Hello,

Kent School District does not have SPED records for ██████████ DOB █████████

Thank you,


██████████
Administrative Assistant II
Inclusive Education | Kent School District
O: (253)██████████@kent.k12.wa.us

**PLAINTIFF'S EXHIBIT**

031720-0


From: ██████████ (DCYF)
Sent: Tuesday, March 17, 2020 8:54 AM
To: 'Special Ed Records' <SpecialEdRecords@kent.k12.wa.us>
Subject: Education Records Request
Importance: High

Hello,

I am requesting educational records for ████████████ If this student does not
have an IEP or a 504 plan on file, please send an email stating so.

Thank you in advance for your help with this request.

Sincerely,

██████████ MSW, LICSW / CHET Screener / Child Health & Education Tracking (CHET)
Region 2 South - King South East
Washington State Department of Children Youth and Families
(P) (253)████████ (F) (253)████████████@dcyf.wa.gov
-------------------------------------------------------------------------------
From: ████████████ (DCYF)
Sent: Tuesday, March 17, 2020 9:09 AM
To: █████████@kent.k12.wa.us'; █████████@kent.k12.wa.us>;
       █████████@kent.k12.wa.us' █████████@kent.k12.wa.us>;

Zayas, Myriam
202004-PRR-845
DCYF-000660

██████████@kent.k12.wa.us'  ████████████@kent.k12.wa.us>;
██████████  ██████████████  @kent.k12.wa.us>;
██████████@kent.k12.wa.us'  ██████████@kent.k12.wa.us>;  ████████@kent.k12.wa.us'
██████████@kent.k12.wa.us>

Subject: Education Records Request

Hello,

I am requesting educational records for ████████████████ I have attached an education records request to this email. I am specifically requesting the following information for this student:

For all students:
      Most recent year-end transcript (secondary) OR report card (elementary)
      Grades and GPA (including the most recent grading period, child's GPA, or grades)
      Attendance records
      Discipline records from the most recent complete school year and most recent grading period
      State test scores (if applicable)

For children receiving special education services:
      School evaluation report
      IEP or 504 Plan

Thank you in advance for your help with this request.

Sincerely,

████████████, MSW, LICSW / CHET Screener / Child Health & Education Tracking (CHET)
Region 2 South - King South East
Washington State Department of Children Youth and Families
(P) (253) ████████ / (F) (253) ████████ / ████████████@dcyf.wa.gov

| Case Name: ZAYAS, MYRIAM | Case ID: 481288 | Case Note ID: 47240826 | Note Finalized ☒ |
|---|---|---|---|
| Case Note Category: CPS | | Case Note Type: Contact | |
| Date Occurred: 03/17/2020 | | Time Occurred: 09:00 AM | |
| Date Entered: 03/17/2020 10:46 AM | | Note Entered by: ████████ ████████ | |
| Related Participants and Collaterals: ████████████████ | | Related Intakes: 02/18/2020  6:26 AM 4319255 | |
| **ACTIVITIES** | | | |
| Activity: Child - Face to Face with Child   Participant: ████████ ████████ as  Location: Other (License or Unlicensed)      Time: 09:00 AM      TCM: No | | | |

Zayas, Myriam
202004-PRR-845
DCYF-000661

```
1soatr08.p 34-4                    Pine Tree Elementary          11/23/20        Page:1
05.20.10.00.04                   Day Summary(Morning Report)                   11:18 AM
```

```
                    ██████ ██████ ██████       GRD:K1

SCHOOL:166      CALENDAR:166      HM ROOM:09      ADVISOR:████████


ABS. DATE                  1   2                                                   PN
09/19/19 Thu.                  H-PR                                                 Y
         COMMENT:early w mom-mom sick 1:30
09/27/19 Fri.                  H-DR                                                 Y
         COMMENT:early w mom-dentist appt 2:50
10/30/19 Wed.              E-IL E-IL                                                Y
         COMMENT:mom called teacher-home sick
10/31/19 Thu.             E-IL E-IL                                                 Y
         COMMENT:sick repeat
11/08/19 Fri.                  Y-ED                                                 Y
         COMMENT:early w mom 3:00
11/26/19 Tue.             U-NC U-NC                                                 Y
         COMMENT:msg mom cell
12/09/19 Mon.                  R-RL                                                 Y
         COMMENT:late 10:55
12/13/19 Fri.             U-NC U-NC                                                 Y
         COMMENT:msg mom cell
12/16/19 Mon.             U-RL U-RL                                                 Y
         COMMENT:called mom-missed bus
12/18/19 Wed.                  R-RL                                                 Y
         COMMENT:late 9:30
01/09/20 Thu.                  R-RL                                                 Y
         COMMENT:late 9:20
01/10/20 Fri.                  E-PR                                                 Y
         COMMENT:personal 9:52
01/27/20 Mon.             U-NC U-NC                                                 Y
         COMMENT:msg mom cell
01/31/20 Fri.                  H-DR                                                 Y
         COMMENT:early w mom-dr appt 1:25
02/07/20 Fri.             U-NC U-NC                                                 Y
         COMMENT:msg mom cell
02/10/20 Mon.             E-PR E-PR                                                 Y
         COMMENT:called mom-personal
02/11/20 Tue.             E-PR E-PR                                                 Y
         COMMENT:called mom-personal
02/12/20 Wed.             E-PR E-PR                                                 Y
         COMMENT:called mom-personal
02/13/20 Thu.             E-IL E-IL                                                 Y
         COMMENT:mom called teacher-home sick
02/24/20 Mon.             E-IL E-IL                                                 Y
         COMMENT:mom called teacher-home sick
02/25/20 Tue.             E-IL E-IL                                                 Y
         COMMENT:sick repeat
05/04/20 Mon.             S-XC S-XC                                                 Y
05/18/20 Mon.             S-XC S-XC                                                 Y
06/08/20 Mon.             S-XC S-XC                                                 N
06/15/20 Mon.             S-XC S-XC                                                 N
```

Plaintiff went into labor on Feb 7th 2020

**PLAINTIFF'S EXHIBIT**

112320

**Type Code Legend**

E=Excused                    H=Half day Excused           R=Unexcused Tardy           S=Student-No Contact

DocuSign Envelope ID: E953D0E7-092A-4839-99A9-8455554E066A

U=Unexcused                       Y=Early Dismissal

**Reason Code Legend**

DR=Doctor/Dentist/Medical         ED=Early Dismissal            IL=Illness                    NC=48HR No Contact
PR=Personal                       RL=Running Late               XC=Extended Closure

        ************************  End of report  ************************

 Gmail                                                  **M. Zayas <amiya.angel@gmail.com>**

---

## Employee Complaint - Closed
4 messages



▓▓▓▓ ▓▓▓▓ ▓▓▓▓▓▓▓ @kent.k12.wa.us>                        Fri, Jan 8, 2021 at 11:17 AM
To: "amiya.angel@gmail.com" <amiya.angel@gmail.com>
Cc: ▓▓▓▓▓▓▓▓ @kent.k12.wa.us>, ▓▓▓▓▓▓▓▓ @kent.k12.wa.us>, ▓▓▓
▓▓▓▓▓▓▓▓ @kent.k12.wa.us>

Hello ▓▓▓

This email is to notify you that the complaint that you filed with Human Resources against staff member, Erin Boyett on November 20, 2020 has been reviewed and is now closed.  If you have further concerns, please feel free to contact me.

   ▓▓▓▓▓▓▓

Executive Director, Human Resources| Kent School District

12033 SE 256th Street, A-100 | Kent, WA 98030-6503

O: (253) ▓▓▓▓  C: (253) ▓▓▓▓  F: (253) ▓▓▓▓ | ▓▓▓▓ @kent.k12.wa.us

**PLAINTIFF'S EXHIBIT**

010821