UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIN BOYETT,<br><br>    Defendant. | Case No. C21-0581-RSM<br><br>ORDER GRANTING DEFENDANT BOYETT'S MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Erin Boyett's Motion to Dismiss. Dkt. #15. Plaintiff Myriam Zayas, proceeding pro se, opposes Defendant's Motion. Dkt. #16. Parties have not requested oral argument, and the Court finds that it can rule on the issues without a hearing. Having reviewed Defendant's Motion, Plaintiff's Response, Defendant's Reply, and the remainder of the record, the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's claims.

## II.  BACKGROUND

Plaintiff brings this action against Defendant Boyett, a kindergarten teacher employed by the Kent School District at Pine Elementary School, for allegedly committing perjury and

ORDER GRANTING DEFENDANT BOYETT'S MOTION TO DISMISS - 1

withholding evidence from the court while testifying during Plaintiff's dependency hearing involving Plaintiff's daughter. Dkt. #1. On March 16, 2020, Plaintiff's minor child was removed from her care following a "dirty" urine analysis. *Id.* at ¶¶ 9-11. Plaintiff claims that on September 28, 2020, Defendant falsely stated under oath that Plaintiff's child missed "many" days of school, often arrived late, demonstrated behavioral issues, and that her mother received food from the school. Plaintiff also claims that on March 12, 2020, Defendant allowed a Child Protective Services ("CPS") social worker to interview the Plaintiff's child without warrant or probable cause. *Id.* at ¶ 18. Plaintiff alleges that her child is still in a foster home as a result of "felony forgery committed by a superior court judge," which Defendant supported through her perjury and failure to provide records that would have exculpated Plaintiff. *Id.* at ¶¶ 13, 22.

On April 29, 2021, Plaintiff filed this action against Defendant under 42 U.S.C. § 1983 for causing Plaintiff and her child emotional distress, violating her right to familial association, and unlawfully withholding exculpatory evidence. *Id.* at ¶¶ 23-35. Plaintiff also alleges violations under 18 U.S.C. § 241 for conspiracy. *Id.* at ¶¶ 36-41. The Complaint only names Defendant Boyett but explains that "Defendants referred to but not named as Defendants" are state and court officials, Child Protective Services, social workers, and court officials that Plaintiff has named in separate complaints. *Id.* at ¶ 8.

### III.   DISCUSSION

**A. Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual

ORDER GRANTING DEFENDANT BOYETT'S MOTION TO DISMISS - 2

allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed.  *Id.* at 570.

### B. Analysis

#### 1. Immunity for Testifying Witnesses

The gravamen of Plaintiff's complaint is that Defendant's false statements at a dependency hearing resulted in Plaintiff's child being kept in a foster home.  However, it is well-established that witnesses are "absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings." *Burns v. Cty. of King*, 883 F.2d 819, 821–22 (9th Cir. 1989).  This immunity extends to government officials testifying at dependency hearings.  *See Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1156 (9th Cir. 1987) (finding it "beyond question" that social worker was "entitled to absolute immunity for the testimony he gave during the dependency proceedings and the custody hearing because witnesses, including government witnesses, are immune from liability for their testimony.") (citing *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)).

Here, Defendant testified in her capacity as a public school teacher at Plaintiff's dependency hearing.  She is therefore immune from suit under 42 U.S.C. § 1983.  *Meyers*, 812

ORDER GRANTING DEFENDANT BOYETT'S MOTION TO DISMISS - 3

F.2d at 1156. On this basis alone, Plaintiff's claims against Defendant for committing perjury at the dependency hearing are properly dismissed.

    *2.   Allowing CPS Access to Child without Probable Cause*

Plaintiff also claims that Defendant violated Plaintiff's rights by allowing a CPS social worker to interview Plaintiff's child without warrant or probable cause. Dkt. #1 at ¶ 18. Plaintiff's claim is deficient since it fails to plead any harm that resulted from Defendant's alleged action. Moreover, even if Plaintiff's claim were sufficiently pleaded, the Court finds this claim barred by qualified immunity.

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986). Because qualified immunity is an immunity from suit rather than a mere defense to liability, this question should be resolved at the earliest possible stage in litigation. *See Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (per curiam); *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). The qualified immunity inquiry has two parts: whether the facts alleged or shown make out a violation of a constitutional right; and whether the right at issue was "clearly established" at the time of a defendant's alleged misconduct. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). Courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case. *Pearson v. Callahan,* 555 U.S. 223 (2009).

Here, Defendant is entitled to qualified immunity under both *Saucier* prongs. As an initial matter, it is unclear from the face of Plaintiff's complaint what constitutional right she claims that Defendant violated by allowing CPS to interview Plaintiff's child. Although the complaint references the First and Fourteenth Amendments, *see* Dkt. #1 at ¶¶ 26-35, Plaintiff cannot show that Defendant's failure to prevent CPS social workers from interviewing her child violated any

ORDER GRANTING DEFENDANT BOYETT'S MOTION TO DISMISS - 4

"clearly established" right held by Plaintiff under either constitutional provision. On the contrary, a reasonable public school teacher would not interfere with CPS's investigation into a minor child's situation for the very reason that such interference may violate that child's rights. Accordingly, the alleged facts do not make out a violation of a constitutional right, nor was any right "clearly established" at the time of Defendant's alleged misconduct.

### 3. Withholding Records

Plaintiff also brings claims against Defendant for unlawfully withholding exculpatory records—specifically, her child's attendance records. Dkt. #1 at ¶ 33. Defendant is likely entitled to absolute immunity from this claim as it appears to challenge actions she took as a testifying witness. *Meyers*, 812 F.2d at 1156. However, even if the Court liberally construes this claim as distinct from Plaintiff's perjury claims that are barred by absolute immunity, the complaint indicates that both Plaintiff and CPS had access to these records—indeed, Plaintiff claims that CPS received the records from an administrative assistant at Pine Tree Elementary School. *Id.* at ¶ 13. Given Plaintiff's concession that both she and CPS had access to these records, Plaintiff's claim for unlawful withholding of records fails to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

### 4. Conspiracy Claims

In addition to her Section 1983 claims, Plaintiff brings claims under 18 U.S.C. § 241 for conspiracy against rights. These claims are readily dismissed given that 18 U.S.C. § 241 is a criminal statute that does not provide a private cause of action.

**C. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured

by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile)." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)).  Permission to file an amended complaint is typically granted where claims are dismissed for failure to state a claim.  *See* Fed. R. Civ. P. 15(a) ("[L]eave to amend shall be freely given when justice so requires").

Here, the Court finds that amendment of Plaintiff's claims would be futile.  Defendant is immune from suit for perjury and failure to intervene in the CPS investigation.  Furthermore, Plaintiff's claims for unlawful withholding of attendance records are contradicted by her own pleading, which indicates that both she and CPS had access to these allegedly withheld records.  Finally, Plaintiff's conspiracy claims are brought under a criminal statute for which there is no private cause of action.  For these reasons, the Court finds that amendment of Plaintiff's claims would not remedy the deficiencies identified in this Order.

## IV.  CONCLUSION

Having reviewed Defendant Boyett's Motion to Dismiss, Plaintiff's Response, Defendant's Reply, and the remainder of the record, it is hereby ORDERED that Plaintiff's complaint is DISMISSED without leave to amend.  This matter is CLOSED.

DATED this 24th day of September, 2021.

                    RICARDO S. MARTINEZ
                    CHIEF UNITED STATES DISTRICT JUDGE